Arnold B. Calmann
Katherine A. Escanlar
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
T: (973) 622-3333
abc@saiber.com
kescanlar@saiber.com

*Attorneys for Plaintiff Azurity Pharmaceuticals, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., ) <br><br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COSETTE PHARMACEUTICALS, INC., ) <br><br> Defendant. ) | Civil Action No.: _____ <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> *Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity"), by and through its attorneys, brings this Complaint against Defendant Cosette Pharmaceuticals, Inc. ("Cosette"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement of United States Patent No. 11,638,692 ("'692 Patent") under the patent laws of the United States, Title 35, United States Code, arising out of the submission by Cosette of Abbreviated New Drug Application ("ANDA") No. 214237 to the United States Food and Drug Administration ("FDA") seeking approval of a generic version of Azurity's vancomycin hydrochloride oral solution that is the subject of New Drug Application ("NDA") No. 208910, hereinafter referred to as "FIRVANQ®." Azurity seeks all available relief

under the patent laws of the United States, 35 U.S.C. § 100 et. seq., and other applicable laws for Cosette's infringement of the '692 Patent.

## THE PARTIES

2.      Azurity is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Cabot Road, Suite 2000, Woburn MA 01801.

3.      On information and belief, Cosette is a corporation organized under the laws of Delaware and its principal place of business is located at 200 Cross Boulevard, Bridgewater, New Jersey 08807.

4.      On information and belief, Cosette is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products.  As part of this business, on information and belief, Cosette files ANDAs with FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents.  On information and belief, as part of these ANDAs, Cosette files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and from Cosette's submission of ANDA No. 214237 ("Cosette's ANDA").

6.      This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a).  Relief is sought under 35 U.S.C. § 271(e)(2).

7.      This Court has personal jurisdiction over Cosette because, among other things, on information and belief: (1) Cosette has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Azurity's FIRVANQ® product ("Cosette's ANDA Product") in the United States, including in New Jersey; (2) Cosette will market, distribute, offer for sale, and/or sell Cosette's ANDA Product in the United States, including New Jersey, upon approval of Cosette's ANDA, and will derive substantial revenue from the use or consumption of Cosette's ANDA Product in the State of New Jersey; (3) Cosette's has persistent and continuous contacts with New Jersey; (4) Cosette has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here; (5) Cosette regularly and continuously transacts business in New Jersey, including by directly or indirectly developing, manufacturing, marketing, and selling pharmaceutical products in New Jersey; and (6) Cosette derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

8.      On information and belief, if Cosette's ANDA is approved, the generic Cosette product charged with infringement of the '692 Patent would, among other things, be marketed, distributed, offered for sale, and/or sold in New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

9.      Venue is proper in this district for Cosette pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, *inter alia*, Cosette has a principal place of business in New Jersey and is subject to personal jurisdiction in this judicial district.

**AZURITY'S FIRVANQ® PRODUCT**

10.     Azurity holds approved NDA No. 208910 for an oral solution of vancomycin, which is prescribed and sold under the trade name FIRVANQ®.

11.     Azurity's FIRVANQ® product is an FDA approved antibacterial indicated in adults and pediatric patients less than 18 years of age for the treatment of *Clostridium difficile*-associated diarrhea.  FIRVANQ® is also indicated for the treatment of enterocolitis caused by *Staphylococcus aureus* (including methicillin-resistant strains).

**PATENT-IN-SUIT**

12.     The '692 Patent, entitled "Composition and Method for Vancomycin Oral Liquid," was duly and legally issued on May 2, 2023 from U.S. Patent Application No. 17/965,253.  A true and correct copy of the '692 Patent is attached to this Complaint as Exhibit A.

13.     The face of the '692 Patent names Indu Muni, Peter Mione, Anisa Gandhi, and Cristina LeChiara as inventors and Azurity as assignee.  Azurity, as assignee, owns all rights, title, and interest in the '692 Patent.

14.     Pursuant to 21 U.S.C. § 355, the '692 Patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with NDA No. 208910 and FIRVANQ®.

15.     Azurity's FIRVANQ® product is covered by at least one claim of the '692 Patent.

16.     The use of Azurity's FIRVANQ® product is covered by at least one claim of the '692 Patent.

**INFRINGEMENT BY COSETTE**

17.     By letter dated October 3, 2022 (the "Notice Letter"), Cosette notified Azurity that it submitted Cosette's ANDA to FDA under Section 505(j)(2)(B) of the Federal Food, Drug and

Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. §314.95) seeking approval to engage in the commercial manufacture, use, and sale of Cosette's ANDA Product before the expiration of certain patents ("Firvanq Patents") listed in the Orange Book in connection with NDA No. 208910 and FIRVANQ®.

18.    In the Notice Letter, Cosette indicated that, in connection with Cosette's ANDA, Cosette filed Paragraph IV Certifications with respect to the Firvanq Patents.

19.    The Firvanq Patents and the '692 patent have the same expiration date.  Therefore, on information and belief, Cosette is seeking approval to engage in the commercial manufacture, use, and sale of Cosette's ANDA Product before the expiration of the '692 patent.

20.    On information and belief, Cosette has not yet certified with respect to the '692 Patent.

21.    On information and belief, Cosette intends to engage in commercial manufacture, use, offer for sale, and/or sale of Cosette's ANDA Product promptly upon receiving FDA approval of Cosette's ANDA and prior to the expiration of the '692 Patent.

22.    By filing Cosette's ANDA, Cosette has necessarily represented to FDA that Cosette's ANDA Product has the same active ingredient as Azurity's FIRVANQ® product; has the same route of administration, dosage form, use, and strength as Azurity's FIRVANQ® product; and is bioequivalent to Azurity's FIRVANQ® product.

23.    The label for Azurity's FIRVANQ® product states in part: "[p]rior to oral administration, the supplied FIRVANQ powder must be reconstituted by the healthcare provider (*i.e.*, a pharmacist) to produce the oral solution."

24.     On information and belief, the proposed label for Cosette's ANDA Product is substantially similar, if not identical, to the label for Azurity's FIRVANQ® product.  35 U.S.C. § 355(j)(2)(A).

## CLAIMS FOR RELIEF

### Count I—Infringement of the '692 Patent Under 35 U.S.C. § 271 (e)(2)(A)

25.     Azurity incorporates each of the preceding paragraphs as if fully set forth herein.

26.     Cosette submitted Cosette's ANDA to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cosette's ANDA Product throughout the United States before the expiration of the '692 Patent.  By submitting its ANDA, Cosette has committed an act of infringement of one or more claims of the '692 Patent under 35 U.S.C. § 271(e)(2)(A).

27.     If Cosette's ANDA is approved by FDA, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of Cosette's ANDA Product will constitute acts of infringement, either literally or under the doctrine of equivalents, of one or more claims of the '692 Patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

28.     On information and belief, the reconstitution of Cosette's ANDA Product (by a pharmacist or other person(s)) completed according to the instructions in the proposed labeling for Cosette's ANDA Product will result in a product that infringes, either literally or under the doctrine of equivalents, one or more claims of the '692 Patent.

29.     On information and belief, Cosette had or should have had actual and constructive knowledge of the '692 Patent and is or should have been aware that submission of Cosette's ANDA to FDA constituted an act of infringement of the '692 Patent.  In addition, on information and belief, Cosette had specific intent to infringe, contribute to infringement, and induce infringement

of the '692 Patent by maintaining the filing of Cosette's ANDA with FDA.  Moreover, there are no substantial non-infringing uses for Cosette's ANDA Product other than as the pharmaceutical claimed in the '692 Patent.

30.    The commercial manufacture, use, offer for sale, sale, and/or importation of Cosette's ANDA Product in violation of Azurity's patent rights will cause substantial and irreparable harm to Azurity for which damages are inadequate.

## PRAYER FOR RELIEF

Azurity respectfully requests the following relief:

a)    A judgment that Cosette has infringed the '692 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Cosette's ANDA under Section 505(j) of the FDCA, and that Cosette's making, using, offering to sell, and/or selling in the United States or importing into the United States of Cosette's ANDA Product will infringe one or more claims of the '692 Patent;

b)    A finding that the claims of the '692 Patent are valid and enforceable;

c)    An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Cosette's ANDA shall be a date which is not earlier than the latest expiration date of the '692 Patent, as extended by any applicable periods of exclusivity;

d)    An order under 35 U.S.C. § 27l(e)(4)(B) permanently enjoining Cosette, its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, sale, or importation into the United States of any drug product covered by, or any drug product for which the use of the drug product is covered by, the '692 Patent, including Cosette's ANDA Product;

e)        A finding that this is an exceptional case under 35 U.S.C. § 285, and that Azurity

be awarded reasonable attorneys' fees and costs; and

f)        An award of any such other and further relief as the Court may deem just and

proper.

Dated: July 18, 2023                                    Respectfully submitted,

OF COUNSEL:                                             **SAIBER LLC**
                                                        *Attorneys for Plaintiff Azurity Pharmaceuticals, Inc.*

Wendy L. Devine
T.O. Kong
WILSON, SONSINI, GOODRICH & ROSATI P.C.    /s/ Arnold B. Calmann
One Market Plaza                                        Arnold B. Calmann
Spear Tower, Suite 3300                                 Katherine A. Escanlar
San Francisco, CA 94105                                 One Gateway Center, 9th Floor
(415) 947-2000                                          Newark, NJ 07102-5308
wdevine@wsgr.com                                        (973) 622-3333
tkong@wsgr.com                                          abc@saiber.com
                                                        kescanlar@saiber.com
Elham F. Steiner
WILSON, SONSINI, GOODRICH & ROSATI P.C.
12235 El Camino Real
San Diego, CA 92130
(858) 350-2300
esteiner@wsgr.com

Ty W. Callahan
WILSON, SONSINI, GOODRICH & ROSATI P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900
tcallahan@wsgr.com

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Plaintiff Azurity Pharmaceuticals, Inc. hereby certifies that this matter in controversy is not the subject of any other action in any other court, or of any pending arbitration or administrative proceeding.

Dated: July 18, 2023      Respectfully submitted,

           SAIBER LLC

           *Attorneys for Plaintiff*
           *Azurity Pharmaceuticals, Inc.*

           By: *s/ Arnold B. Calmann*
           Arnold B. Calmann
           Katherine A. Escanlar
           One Gateway Center, 9th Floor
           Newark, NJ 07102-5308
           T: (973)622-3333
           abc@saiber.com
           kescanlar@saiber.com

## <u>LOCAL CIVIL RULE 201.1 CERTIFICATION</u>

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiff Azurity Pharmaceuticals, Inc. hereby certifies that they seek both monetary damages greater than $150,000 and injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated: July 18, 2023                     Respectfully submitted,

                                          **SAIBER LLC**

                                          *Attorneys for Plaintiff*
                                          *Azurity Pharmaceuticals, Inc.*

                                          By: <u>*s/ Arnold B. Calmann*</u>
                                          Arnold B. Calmann
                                          Katherine A. Escanlar
                                          One Gateway Center, 9th Floor
                                          Newark, NJ 07102-5308
                                          T: (973)622-3333
                                          abc@saiber.com
                                          kescanlar@saiber.com